IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KATHY A. GRIFFIN                                                                                    PLAINTIFF


v.                                         CASE NO.         13-2041


CAROLYN W. COLVIN[1], Commissioner
of Social Security Administration                                                        DEFENDANT

## MEMORANDUM OPINION

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) and supplemental security income ("SSI") under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

### I.  Procedural Background:

The plaintiff filed an applications for DIB January 19, 2010 , alleging an onset date of December 5, 2008, due to plaintiff's weak heart, back injury, depression, nervous disorder, hypertension, restless leg syndrome, anxiety, insomnia, and numbness in her arm. (T. 149). Plaintiff's applications were denied initially and on reconsideration.  Plaintiff then requested an administrative hearing, which was held on August 9, 2011.  Plaintiff was present and represented

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

by counsel.

At the time of the administrative hearing, plaintiff was 52 years of age and possessed a High School education. The Plaintiff had past relevant work ("PRW") experience as an Administrative Assistant and book keeper (T. 151).

On October 26, 2011, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's cardiomyopathy, atrial septal defect (ASD), hypertension (HTN), major depressive disorder (MDD), and generalized anxiety disorder (GAD) did not meet or equal any Appendix 1 listing. T. 20. The ALJ found that plaintiff maintained the residual functional capacity ("RFC") to perform light work with additional restriction. T. 21. With the assistance of a vocational expert, the ALJ then determined Plaintiff could perform the requirements of representative occupation such as assembly worker, fishing stringer assembler, and gasket inspector. . T. 25.

## II. Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742,

747 (8th Cir. 2001).  If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.  *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003).  Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity.  *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.  Discussion:

The court has reviewed the Briefs filed by the Parties, the Transcript of the proceedings before the Commission, including a review of the hearing before the ALJ, the medical records, and relevant administrative records and finds the ALJ's decision is supported by substantial evidence.

**A. Severe Impairments:**

The Plaintiff contends the ALJ erred because he did not consider her upper extremity impairment to be severe. (ECF No. 12, p. 8).

A "severe impairment is defined as one which 'significantly limits [the claimant's] physical or mental ability to do basic work activities.'" *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006) (quoting 20 C.F.R. § 404.1520(c)). If the impairments result in no more than minimal functional limitations, the impairments are not severe. *Pepper ex rel. Gardner v. Barnhart* 342 F.3d 853, 854 (C.A.8 (Mo.),2003); ; Social Security Ruling 96-3p. The claimant has "the burden ... of showing ... that [s]he has a medically severe impairment or combination of impairments." *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 2294 n. 5, 96 L.Ed.2d 119 (1987). *Riley v. Shalala* 18 F.3d 619, 621 (C.A.8 (Ark.),1994).

The Plaintiff had a EMG/NCV test performed in April 2003 after complaining of numbness and pain in her right arm and hand. (T. 299). The test results were abnormal and the doctor found that there was evidence of subacute radiculopathy, most likely C8, less likely C7 but there was no evidence of CTS (Carpal Tunnel Syndrome).

A review of the Plaintiff's medical record does not reveal that she sought any further treatment for this condition. In general, the failure to obtain follow-up treatment indicates that a person's condition may not be disabling or may not be as serious as alleged. *See Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir.1995). Neither of Plaintiff's treating physicians during the relevant period (Dr. Jefferson or Dr. Dudding) diagnosed Plaintiff with an impairment related to her arms or hands (Tr. 224, 226, 284-285, 298). Indeed, Dr. Dudding's examination of her extremities was normal, revealing normal strength and tone and no swelling (Tr. 285). Plaintiff

did not complain of symptoms in regard to her hands or arms to Dr. Jefferson and Dr. Dudding.

The court also notes that the Plaintiff was gainfully employed from 2003 through 2008 (T. 121) and worked part time during 2009 (Id.). Absent a showing of deterioration, working after the onset of an impairment is some evidence of an ability to work. *See Goff v. Barnhart,* 421 F.3d 785, 793 (8th Cir.2005).

Plaintiff failed to meet her burden of proof that her right arm condition was severe. Accordingly, substantial evidence supports the ALJ's finding that Plaintiff's arm condition was non-severe.

**B. Residual Functional Capacity:**

The Plaintiff next contends that the ALJ's RFC determination was contrary to the evidence. (ECF No. 12, p. 9)

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is defined as the individual's maximum remaining ability to do sustained work activity in an ordinary work setting "on a regular and continuing basis." 20 C.F.R. §§ 404.1545 and 416.945; Social Security Ruling (SSR) 96-8p (1996). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be

supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. *Cox v. Astrue*, 495 F. 3d 614 at 619 *citing Lauer v. Apfel*, 245 F.3d 700 at 704; *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir.2000) (per curiam) ("To the extent [claimant] is arguing that residual functional capacity may be proved only by medical evidence, we disagree."). Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner.*620 20 C.F.R. §§ 416.927(e)(2), 416.946 (2006).

The ALJ found the Plaintiff had the RFC to:

> perform light work as defined in 20 CFR 404.1567(b)[2] and 416.967(b). From a mental standpoint, she is able to perform work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, with few variables and use of little judgment, and the supervision required is simple, direct and concrete.

Plaintiff alleges that her back pain and heart defect prevent her from performing the standing and walking requirements of light work. See Pl.'s Br. at p. 10.

**1. Credibility**

In determining a claimant's RFC, " 'the ALJ must first evaluate the claimant's credibility.' " *Wagner v. Astrue*, 499 F.3d 842, 851 (8th Cir.2007) (*quoting Pearsall v. Massanari*, 274 F.3d

---

[2]Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

1211, 1217 (8th Cir.2002)). Assessing and resolving credibility issues is a matter that is properly within the purview of the ALJ. *Johnson v. Chater*, 87 F.3d 1015, 1018 (8th Cir. 1996) (court will not substitute its own credibility opinion for that of the ALJ). As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). The court should , " defer to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence." *Perks v. Astrue* 687 F.3d 1086, 1091 (C.A.8 (Ark.),2012). "The ALJ is not required to discuss each Polaski factor as long as the analytical framework is recognized and considered." *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir.2004).

     The Plaintiff did not seek treatment for back pain or other musculoskeletal complaints during the relevant period, and her treating doctors did not diagnose her with a back impairment (Tr. 224-228, 284-287, 296-298). In general, the failure to obtain follow-up treatment indicates that a person's condition may not be disabling or may not be as serious as alleged. *See Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir.1995).

     The ALJ noted that the Plaintiff testified that she "takes non-prescription ibuprofen for the pain that lasts all day and into the night and wakes her during sleep." (T. 21). "The ALJ may properly consider both the claimant's willingness to submit to treatment and the type of medication prescribed in order to determine the sincerity of the claimant's allegations of pain." *Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir.1991) (citations omitted); *Gray v. Apfel* 192 F.3d 799, 804 (C.A.8 (S.D.),1999). *See Hepp v. Astrue*, 511 F.3d 798, 807 (8th Cir. 2008) (moderate, over-the-counter medication for pain does not support allegations of disabling pain).

     The ALJ also noted that the Plaintiff had never had any mental health treatment. *Banks v.*

*Massanari*, 258 F.3d 820, 825-26 (8th Cir.2001) (ALJ properly discounted claimant's complaints of disabling depression as inconsistent with daily activities and failure to seek additional psychiatric treatment). *See Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007) (holding that lack of formal treatment by a psychiatrist, psychologist, or other mental health professional is a significant consideration when evaluating Plaintiff's allegations of disability due to a mental impairment).

Plaintiff's attempts to excuse her failure to pursue more aggressive treatment cannot be wholly excused due to her claims of financial hardship. *See Murphy v. Sullivan*, 953 F.2d 383, 386-87 (8th Cir.1992) (rejecting claim of financial hardship where there was no evidence that claimant attempted to obtain low cost medical treatment or that claimant had been denied care because of her poverty); *Hutsell v. Sullivan*, 892 F.2d 747, 750 n. 2 (8th Cir.1989) (noting that "lack of means to pay for medical services does not ipso facto preclude the Secretary from considering the failure to seek medical attention in credibility determinations.") (internal quotations omitted). *Tate v. Apfel* 167 F.3d 1191, 1197 (C.A.8 (Ark.),1999).

The ALJ also noted that the Plaintiff "stopped working for reasons not related to the allegedly disabling impairments". (T. 22). In addition the Plaintiff filed for and received unemployment benefits after she ceased working. The acceptance of unemployment benefits, which entails an assertion of the ability to work, is facially inconsistent with a claim of disability. *See Cox v. Apfel* 160 F.3d 1203, 1208 (C.A.8 (Mo.),1998) *citing Salts v. Sullivan*, 958 F.2d 840, 846 n. 8 (8th Cir.1992). Applying for unemployment benefits "may be some evidence, though not conclusive, to negate" a claim of disability. *Jernigan v. Sullivan*, 948 F.2d 1070 at 1074(C.A.8 (Mo.),1991)

This court concludes that, because the ALJ gave several valid reasons for the ALJ's determination that Plaintiff was not entirely credible, the ALJ's credibility determination is entitled to deference, see Renstrom v. Astrue, 680 F.3d 1057, 1067 (8th Cir.2012).

**2. RFC Determination**

The record contains conflicting Residual Functional Capacity assessments between the Plaintiff's Treating Physicians and the Consultive Examiners.

A treating physician's medical opinion is given controlling weight if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). These opinions are not automatically controlling, however, because the record must be evaluated as a whole. Reed v. Barnhart, 399 F.3d 917, 920 (8th Cir.2005). We will uphold an ALJ's decision to discount or even disregard the opinion of a treating physician where "other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." Id. at 920-21 (internal quotations omitted).

"When one-time consultants dispute a treating physician's opinion, the ALJ must resolve the conflict between those opinions." Cantrell v. Apfel, 231 F.3d 1104, 1107 (8th Cir.2000). The Eighth Circuit Court of Appeals has upheld the Commissioner's RFC assessment in cases where the ALJ did not rely on a treating physician's functional assessment of the claimant's abilities and limitations. See Page v. Astrue, 484 F.3d at 1043 (the medical evidence, state agency physician opinions, and claimant's own testimony were sufficient to determine RFC); Stormo v. Barnhart, 377 F.3d 801, 807-08 (8th Cir. 2004) (medical evidence, state agency physicians' assessments, and

claimant's reported activities of daily living supported RFC finding); *Masterson v. Barnhart*, 363 F.3d 731, 738 (8th Cir. 2004) (ALJ's RFC assessment properly relied upon assessments of consultative physicians and a medical expert, which did not conflict with the treating physician's records)

As the ALJ properly observed, the record showed that Plaintiff has been prescribed medications which have been effective in controlling her symptoms due to her cardiovascular impairments and hypertension as long as she remains compliant such that she is capable of the exertional requirements of light work (Tr. 22). Conditions controllable or amenable to treatment are not disabling. *See Johnson v. Apfel,* 240 F.3d 1145, 1148 (8th Cir. 2001).

The Plaintiff has been advised to stop smoking by her treating physicians but she has refused to stop. The ALJ noted that "evidence shows the claimant continues to smoke cigarettes daily, despite the financial cost and medical recommendation to stop." (T. 22)*.* In addition to the results of objective medical tests, an ALJ may properly consider the claimant's noncompliance with a treating physician's directions, *Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir.2001), including failing to quit smoking. *See Kisling v. Chater,* 105 F.3d 1255, 1257 (8th Cir.1997) (impairments that are controllable or amenable to treatment, including certain respiratory problems, do not support a finding of disability, and failure to follow a prescribed course of remedial treatment, including the cessation of smoking, without good reason is grounds for denying an application for benefits).

A review of the medical records shows that the ALJ properly assessed the Plaintiff's RFC and that the ALJ properly discounted the opinions of a consulting psychologist and the Plaintiff's treating physician as to Plaintiff's residual functional capacity (RFC), *see Renstrom v. Astrue*, 680

F.3d 1057 at 1064 (treating physician's opinion does not automatically control); *Charles v. Barnhart*, 375 F.3d 777, 783 (8th Cir.2004) (generally when consulting physician examines claimant only once, his opinion is not considered substantial evidence).

## C. Vocational Expert

Testimony from a vocational expert ("VE") based on a properly-phrased hypothetical question constitutes substantial evidence. *See Cruze v. Chater*, 85 F.3d 1320, 1323 (8th Cir. 1996); cf. *Hinchey v. Shalala*, 29 F.3d 428, 432 (8th Cir. 1994) (when hypothetical question does not encompass all relevant impairments, VE's testimony does not constitute substantial evidence to support the ALJ's decision). The ALJ's hypothetical question needs to "include only those impairments that the ALJ finds are substantially supported by the record as a whole." Id. (citing *Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir.1993)); see also *Morse v. Shalala*, 32 F.3d 1228, 1230 (8th Cir.1994). A hypothetical need not use specific diagnostic or symptomatic terms where other descriptive terms can adequately define the claimant's impairments. *Roe v. Chater*, 92 f.3d 672, 676 (8th Cir. 1996).

The ALJ's hypothetical to the vocational expert (VE) accounted for all of Plaintiff's proven impairments, *see Buckner v. Astrue*, 646 F.3d 549, 560–61 (8th Cir.2011) (VE's testimony constitutes substantial evidence when it is based on hypothetical that accounts for all of claimant's proven impairments; hypothetical must include impairments that ALJ finds substantially supported by record as a whole).

## IV. Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision, and thus the decision should be affirmed. The

undersigned further finds that the plaintiff's Complaint should be dismissed with prejudice.


Dated this January 9, 2014.


*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE JUDGE